IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. JFM-03-0462 |
| | * | Civil No. JFM-07-284 |
| | * | |
| WILLIAM LINWOOD FOSTER | * | |
| | ***** | |

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 26 2007

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. JFM-03-0462 |
| | * | Civil No. JFM-07-505 |
| | * | |
| WARREN WILLIAMS | * | |
| | ***** | |

MEMORANDUM

William Linwood Foster and Warren Williams, who were convicted as co-defendants in

Criminal No. JFM-03-0462, have each filed a motion under 28 U.S.C. §2255 seeking to have

their convictions vacated.[1]  Their motions will be denied.

Petitioners' claims need be only briefly addressed.

1.  <u>Foster's claim that his trial counsel was ineffective in not moving for a mistrial</u>

Foster argues that his trial counsel was ineffective in not moving for a mistrial after this

court granted his motion for a judgment of acquittal on the conspiracy count.  This contention is

unmeritorious because the evidence underlying the conspiracy charge would have been

---

[1]Williams has filed a motion asking for entry of judgment on the ground that the
government's response to the show cause order entered by this court was untimely.  The
untimeliness of the government's response to a post-conviction motion does not provide a basis
for the granting of the motion.  *See generally Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984).
Further, I note that although the government did fail to ask for an extension of time in the
*Williams* case, it did file a motion for extension in the related case filed by Foster.



admissible on the other charges against Foster in any event. *See generally United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000). Thus, Foster's trial counsel did not deviate from the constitutional standard of competence in not moving for a mistrial. Moreover, his decision not to move for a mistrial was not prejudicial because any such motion would have been denied.

   2. Foster's claim for alleged ineffective assistance in failing to call Tamika Harris as a witness at trial

The testimony of Tamika Harris during the suppression hearing was inconsistent with the testimony of Anitra Adams, who testified on behalf of defendants both at the suppression hearing and at trial. Therefore, self-evidently the decision of Foster's trial counsel not to call Ms. Harris as a witness at trial was not a deviation from the constitutional standard of compliance.

   3. Foster's claim that his appellate counsel was ineffective in raising claims one and two on direct appeal

As already stated, the claims asserted by Foster concerning his trial counsel's failure to move for a mistrial and his decision not to call Ms. Harris as a witness are without merit. Therefore, the decision of his appellate counsel not to assert these claims on appeal did not deviate from the constitutional standard of compliance and was not prejudical to Foster.

   4. Williams' claim that his counsel was ineffective at sentencing

Williams contends that his trial counsel was ineffective in not challenging the drug weight attributable to him and in not anticipating a potential challenge under *United States v. Booker*, 543 U.S. 220 (2005); a case decided after his sentencing. Nothing in the record suggests that there was any basis for challenging the drug weight attributable to Williams. Thus, his counsel was not ineffective in failing to make such a challenge. Moreover, the *Booker* decision came as a surprise to many judges and members of the bar, and Williams' trial counsel did not

violate the constitutional standard of compliance in failing to anticipate the decision.

Separate orders denying petitioner's motions are being entered herewith.

Date: _July 23, 2007_                        _____
                                              J. Frederick Motz
                                              United States District Judge